Julianna Simmons
2060 E Ave de Los Arboles #561
Thousand Oaks, Ca 91362
424-281-4828

juliannasimmons2010@gmail.com

N/S



FILED
CLERK, U.S. DISTRICT COURT

07/11/14

CENTRAL DISTRICT OF CALIFORNIA
BY: SB _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No.

CV14-5114 CBM-SHx

JULIANNA SIMMONS,

        Plaintiff

-against-

AMERICAN HONDA FINANCE
CAMPBELL HIGHTOWER & ADAMS
INFINITI FINANCIAL SERVICES
NISSAN-INFINITI LT
SHELL/CITIBANK SD
ACCELERATED RECEIVABLES
PROGRESSIVE MANAGEMENT SYSTEMS
TARGET NATIONAL BANK
HSBC BANK
MACYS
KOHLS
CITIFINANCIAL

        Defendant(s) and Furnisher(s)

28 U.S.C. sec.
2201.Creation of a Remedy

**COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF**

**DELETION OF FURNISHER INFORMATION FROM CREDIT FILE**

**SANCTIONS FOR ULTRA VIRES ACTS**



## COMPLAINT:

COMES NOW the Plaintiff in the above styled cause and for her Complaint against the Defendants, AMERICAN HONDA FINANCE, CAMPBELL, HIGHTOWER & ADAMS, INFINITI FINANCIAL SERVICES, NISSAN-INFINITI LT, SHELL/CITIBANK SD, ACCELERATED RECEIVABLES, PROGRESSIVE MANAGEMENT SYSTEMS, TARGET NATIONAL BANKe, HSBC BANK, MACY, KOHLS, CITIFINANCIAL, Plaintiff states as follows:

### Jurisdiction & Venue:

1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. § 1681o et seq.) hereafter "FCRA" regarding failure to delete inaccurate and unverified entries on Plaintiff's credit report and for the reappearance of previously deleted items without proper notification and 15 U.S. Code § 1681s–2 et. seq. **regarding Responsibilities of furnishers of information to consumer reporting agencies**. Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) as the events or omissions giving rise to the claim took place in this Judicial District and Defendants are a corporation doing business in this Judicial District.

3. This Court has authority to grant monetary, injunctive and other relief pursuant to 15 U.S.C. § 1681(p), N.Y. Gen. Bus. Law § 349, 28 U.S.C. §§ 2201-2 and 42 U.S.C. § 1983.

### PARTIES

4. The Plaintiff, Julianna Simmons "Plaintiff", is a natural person who resides within this Judicial District.

5. The Defendants "Defendants", are a company that engages in the business which includes maintaining and reporting consumer credit information and does business in this Judicial District.

### STATUTORY FRAMEWORK:

#### A) Fair Credit Reporting Act

6. The federal Fair Credit Reporting Act (hereinafter FCRA), 15 U.S.C. §§ 1681 *et seq.*, and 15 U.S. Code § 1681s–2 et. seq. **regarding Responsibilities of furnishers of information to consumer reporting agencies** governs the content, issuance and use of consumer reports prepared for a variety of purposes.

7. FCRA 15 U.S.C. § 1681a(b) defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."

8. FCRA 15 U.S.C. § 1681a(d)(1) defines a "consumer report" as: any written, oral, or other communication of any information by a furnisher bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of

living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility…,

for "a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F).

9. FCRA 15 U.S.C. § 1681b(a)(3)(g) defines the term "file" when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a furnisher regardless of how the information is stored.

10. FCRA 15 U.S.C. § 1681b(a)(3)(l)(2) defines "verification" as pertaining to a consumers credit application and/or insurance application as:

(A) that the consumer continues to meet the specific criteria used to select the consumer for the offer, by using information in a consumer report on the consumer, information in the consumer's application for the credit or insurance, or other information bearing on the credit worthiness or insurability of the consumer: or
(B) of the information in the consumer's application for the credit or insurance, to determine that the consumer meets the specific criteria bearing on credit worthiness or insurability.

11. FCRA 15 U.S.C. § 1681g, Disclosures to consumers specifies that a furnisher, upon request, must provide the consumer with all:

(a) Information on file: sources; report recipients. Every furnisher shall, upon request, and subject to section 610(a)(1) [§ 1681h], clearly and accurately disclose to the consumer:
1) All information in the consumer's file at the time of the request.

12. FCRA 15 U.S.C. § 1681i Procedure in case of disputed accuracy states:

(a) Reinvestigations of Disputed Information
(1) Reinvestigation Required
(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a furnisher is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the credit reporting agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

13. FCRA 15 U.S.C. § 1681i(a)(5) Treatment of Inaccurate or "<u>Unverified Information</u>" states:

> (A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or **cannot be verified**, the furnisher shall:
> (i) **promptly delete the item** of information from the file of the consumer based on the results of the reinvestigation and
> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.
>
> (B) <u>Requirements Relating to Reinsertion of Previously Deleted Material:</u>
> (i) *Certification of accuracy of information.* <u>If any information is deleted </u>from a consumer's file pursuant to subparagraph (A), the information <u>may not be reinserted</u> in the file by the furnisher unless the person who furnishes the information certifies that the information is complete and accurate.
> (ii) *Notice to consumer.* If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, <u>the furnisher shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion</u> or, if authorized by the consumer for that purpose, by any other means available to the agency.

14. Civil Liability for willful noncompliance FCRA 15 U.S.C. § 1681n imposes civil liability for willful noncompliance with the statute, providing for actual damages up to $1000, punitive damages at the court's discretion, costs and attorney's fees.

15. FCRA 15 U.S.C. § 1681o also imposes civil liability for negligent noncompliance with the statute, providing for actual damages, costs and attorney's fees.

## FACTUAL ALLEGATIONS:

16. On or about April 7, 2014 Plaintiff preparing to apply for a credit card requested a copy of her Experian credit report from Experian, Equifax credit report from Equifax, and, TransUnion credit report from TransUnion.

17. On or about April 21, 2014 Plaintiff received a copy of her credit report from Experian, Equifax, and TransUnion.

18. On review of all three credit reports the Plaintiff made note of a number of accounts listed on the credit report that she believed to be inaccurate based on furnishing by the furnishers.

19. On or about May 2, 2012 Plaintiff mailed Defendant a dispute letter listing a number of accounts that she believed to be inaccurate and asked the Defendant to provide her

with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report.

20. On or about June 15, 2012 Plaintiff received Defendant's response to her dispute letter noted on paragraph #19 above.

21. Defendant stated in their reply to Plaintiff's dispute letter noted in paragraph #20 above that they re-investigated the disputed accounts with the original creditor and all of the disputed accounts were verified by the original creditor but Plaintiff failed to provide any of the documents, requested by the Plaintiff, that Defendant had on file that were used to verify the disputed accounts belonged on Plaintiff's credit report as required of them under 15 U.S.C. § 1681g. 15 U.S.C. § 1681a defines the term "file" to mean that all of the information on that consumer recorded and retained by a furnisher regardless of how it is stored.

22. The credit bureau is obligated to re-investigate the disputed entries and to remove all "UNVERIFIABLE" entries.

23. On or about June 14, 2012 Plaintiff mailed Defendant a 2nd dispute letter listing the accounts that she believed to be inaccurate and asked the Defendant a 2nd time to provide her with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report. Plaintiff also requested Defendant to provide name of individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual, business address, and telephone number of the person or business contacted during your Defendant's alleged re-investigation.

24. On or about July 3, 2012 Defendant sent a letter of response to the Plaintiff. Defendant's response appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 23 above.

25. On or about July18, 2012 Plaintiff mailed Defendant a 3rd dispute letter listing the accounts that she believed to be inaccurate and asked the Defendant a 3rd time to provide her with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report. Plaintiff also requested Defendant to provide name of individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name

of the individual, business address, and telephone number of the person or business contacted during your Defendant's alleged re-investigation.

26. On or about September 20, 2012 Defendant sent a letter of response to the Plaintiff. Defendant's response again appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Again Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 25 above.

27. On or about August 16, 2012 Plaintiff mailed Defendant a 4th dispute letter listing the accounts that she believed to be inaccurate and asked the Defendant a 4th time to provide her with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report. Plaintiff also requested Defendant to provide name of individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual, business address, and telephone number of the person or business contacted during your Defendant's alleged re-investigation.

28. On or about September 20, 2012 Defendant sent a letter of response to the Plaintiff. Defendant's response again appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Again Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 27 above.

29. On or about September 7, 2012 Plaintiff mailed Defendant a 5th dispute letter listing the accounts that she believed to be inaccurate and asked the Defendant a 5th time to provide her with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report. Plaintiff also requested Defendant to provide name of individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual, business address, and telephone number of the person or business contacted during your Defendant's alleged re-investigation.

30. On or about November 15, 2012, Defendant sent a letter of response to the Plaintiff. Defendant's response again appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Again Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 29 above.

31. Defendant's failed to remove all of the unverified accounts from Plaintiff's credit report as required by law.

## CAUSES OF ACTION:

### a) Violations of Federal Fair Credit Reporting Act

32. Plaintiff repeats and re-alleges each paragraph above as if fully set forth herein.

33. Defendant(s) are a "furnisher" as codified at 15 U.S.C. §1681a(e).

34. Plaintiff notified Defendant directly of a dispute on a number of unverified accounts being reported on Plaintiff's credit report.

35. The credit reporting agency failed to delete the accounts that they failed to show proof of verification as required by the FCRA.

36. Plaintiff alleges that Defendant failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report, concerning the accounts in question, violating 15 U.S.C. §1681e(b).

37. Plaintiff alleges that Defendant failed to conduct a proper and lawful reinvestigation.

38. All actions taken by Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or should have known that their actions were in reckless disregard of the FCRA and state law.

39. All of the violations of the FCRA proximately caused the injuries and damages set forth in this complaint.

40. Defendant's violated the Fair Credit Reporting Act in the following particulars:

 1) Defendant failed to re-investigate and remove all of the accounts that Defendant failed to provide Plaintiff with the documents in Defendant's file that she requested from Defendant in writing that verify that the disputed accounts(s) belong to the Plaintiff as required by FCRA 15 U.S.C. Section 1681i.

 2) Defendant failed to bear responsibility for evaluating the accuracy of information obtained from original creditor required under 15 U.S.C. Section 1681i(a)(4) to ensure the accuracy of the information. Defendant's responsibility must consist of something more than merely parroting information received from other sources.

3) Defendant's reinvestigation shifted the burden back to the Plaintiff in violation of 15 U.S.C. Section 1681i(a). In order for Defendant to fulfill its obligations under section 1681i(a) Defendant was required to verify the accuracy of its initial source of information used to open the line of credit (credit application). Defendant failed to do that. 15 U.S.C. Section 1681i(a) requires that the furnisher shall within a reasonable period of time re-investigate and promptly delete inaccurate or unverifiable information. Section 1681i requires deletion of information found to be no longer verified. Defendant did not delete the unverified file(s).

41. As a result of Defendant's conduct, actions and omissions, Plaintiff suffered damages.

42. The FCRA 15 U.S.C.A. Sec. 1681i and 15 U.S.C.A. Sec. 1681o imposes a duty upon credit reporting agencies to reinvestigate and to delete information found to be inaccurate or no longer verifiable once the consumer has protested the inclusion of the material.. A negligent violation of these sections noted in the paragraphs above subjects the credit reporting agency to liability for any actual damages sustained as a result of the violation(s), together with the costs of the action and a reasonable attorney's fee.

43. The fact that the Defendant's ignored Plaintiff's dispute letters a total of five times appears to indicate a willful intent to ignore the law. A willful violation under 15 U.S.C. Sec. 1681n subjects the agency to punitive damages as well. The fact that the consumer wrote multiple letters and each time the credit bureau ignored her requests for proof of verification their actions show their "willful violation".

## DEMAND AND RELIEF

44. Each instance in which defendant's violated Section 609 of the FCRA, 15 U.S.C. § 1681g, in one or more of the ways described above constitutes a separate violation for which plaintiff seeks monetary civil penalties.

45. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Court to award monetary civil penalties of not more than $2,500 for each knowing violation of the FCRA **which only empowers the FEDERAL TRADE COMMISSION to prosecute.**

## CREATION OF A REMEDY

THE FAIR CREDIT REPORTING ACT (FCRA) Section 623(c) — Limitations on liability

Section 623(c) greatly limits the liability that creditors and other furnishers of information have for providing accurate information under Section 623(a). **If consumers and other private parties believe that they have been injured by the failure of a creditor or other furnisher of information to comply with the duties imposed under Section 623(a), they have no remedy under the FCRA**; the consumer or other injured person cannot sue the creditor or other furnisher for violations of any requirements under Section 623(a). (As seen below, however, state officials bringing enforcement actions under Section 621(c) would be able to sue for violations of Section 623(a), as would the FTC or other appropriate federal regulatory agency.)

**28 U.S. Code § 2201 - Creation of remedy; Current through Pub. L. 113-108.**
**(a) In a case of actual controversy within its jurisdiction... as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.**

WHEREFORE, there being no prompt judicial remedy to this time sensitive matter, plaintiff respectfully demands that judgment be entered against the Defendant pursuant to a *Non Judicial Private Administrative Remedy* and 28 U.S.C. 2201(a) NOT 15 U.S.C. § 1681o thru s-2 et. seq. and to this Court's own equity powers:

(1) Enter judgment against defendant and in favor of plaintiff for each violation alleged in this complaint;
(2) Award plaintiff monetary civil penalties from the defendant based on the administrative default and moral turpitude demonstrated in this complaint and the annexed confession of judgement; (SEE DOCUMENT 'A' forthcoming).
(3) Enjoin defendant from violating the administrative contract stipulation of the parties;
(4) Award plaintiff such additional relief as the Court may deem just and proper.
(5) IMMEDIATE DELETION OF ALL ACCOUNTS FROM NAMED DEFENDANTS FROM ALL CREDIT REPORTING AGENCIES.

## DEMAND FOR JURY TRIAL

46.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

## SANCTIONS

47.     All sanctions for violations of law; "The doctrine of ultra vires is most powerful weapon to keep private corporations within their legitimate spheres and to punish them for violations of their corporate charters, and it probably is not invoked to often.... Zinc Carbonate Co. v. First National Bank, 103 Wis 125, 79 NW 229. American Express Co. v. Citizens State Bank, 194 NW 430; the Defendants acts amount to ultra vires acts.

Dated this 1st day of July, 2014.

Respectfully submitted and signed by Julianna Simmons

*Julianna Simmons*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☒)
Julianna Simmons

**DEFENDANTS** (Check box if you are representing yourself ☐)
American Honda Finance, Campbell Hightower, Infiniti Financial Services, Nissan Infiniti, Adams Shell/Citibank, Accelerated Receivables, Progressive Management

**(b) County of Residence of First Listed Plaintiff** Ventura
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant HSBC Macy's Kohls Citifinancial
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
N/A

Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for Monetary Damages and Injunctive Relief Deletion of Furnisher Information From Credit File

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

CV14-5114

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (06/14)   CIVIL COVER SHEET   Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right*  ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | *check one of the boxes to the right*  ➡ | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right*  ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | *check one of the boxes to the right*  ➡ | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☒ Yes  ☐ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right.  ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes  ☐ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below.  ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Central District |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☒ Yes | ☐ No |

CV-71 (06/14)         CIVIL COVER SHEET         Page 2 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

IX(a). **IDENTICAL CASES:** Has this action been previously filed **in this court**?   ☑ NO   ☐ YES

If yes, list case number(s): _____

IX(b). **RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?   ☑ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT): _Julianna Simmons_   DATE: 7-1-14

Notice to Counsel/Parties: The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |